IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODDY FREEMAN,                    :
                                  :
          Plaintiff,              :
                                  :
v.                                :          CIVIL ACTION NO.
                                  :          1:12-CV-2854-RWS
WELLS FARGO BANK, N.A.,           :
                                  :
          Defendant.              :
                                  :

## ORDER

This case is before the Court on Defendant's[1] Motion to Dismiss, or, in the Alternative, Motion to Stay Proceedings [3].[2]  After reviewing the record, the Court enters the following Order.

---

[1] The Complaint names Wells Fargo Bank, N.A. as Defendant.  Wells Fargo files this motion not in its individual capacity, but solely as Trustee for RMAC REMIC Trust, Series 2010-3.

[2] On March 22, 2013, the Court stayed this action pending resolution by the Georgia Supreme Court of issues relevant to the case.  Those issues have now been resolved and Defendant's Motion to Dismiss is ripe for consideration.

**Background**

The subject of this action is real property located at 6883 Glen Cove Lane, Stone Mountain, Georgia 30087 ("Property").[3]  Purchase of the Property was financed by a Promissory Note ("Note") with J.P. Morgan Chase Bank, N.A. ("JP Morgan") in the amount of $153,000.  The loan was secured by a Security Deed executed on October 17, 2007, in favor of JP Morgan.  (Security Deed, Dkt. [1-1] at 13 of 52.)  JP Morgan subsequently transferred its interest in the Security Deed to Chase Home Financing, LLC ("Chase").  (First Assignment, Dkt. [1-1] at 40 of 52.)  Chase, in turn, assigned the Security Deed to Wells Fargo Bank, N.A., not in its individual capacity, but solely as trustee for RMAC REMIC Trust, Series 2010-3.  (Second Assignment, Dkt. [1-1] at 43 of 52.)  No other assignment of the Security Deed has been recorded.

In 2011, Plaintiff fell behind on his mortgage payments.  On July 27, 2011, he received a foreclosure notice from McCalla Raymer, LLC indicating that a foreclosure sale was scheduled for the first Tuesday of September 2011. (Notice of Foreclosure, Dkt. [1-1] at 46 of 52.)  The foreclosure notice listed

---

[3] Unless otherwise noted, the factual background is taken from Plaintiff's Complaint.  As the Court must at the motion to dismiss phase, it accepts as true all well-pleaded facts in the Complaint.

2

Rushmore Loan Management Services, LLC ("Rushmore") as the entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." (Id. at 47 of 52.)  The notice provides the contact information for Rushmore.  (Id.)  Wells Fargo conducted a foreclosure sale on September 6, 2011.

Plaintiff filed this action on July 5, 2012, in the Superior Court of Dekalb County, Georgia.  On August 17, 2012, Defendant removed the suit to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).  (Notice of Removal, Dkt. [1].)  Plaintiff alleges that Defendant violated Georgia's foreclosure notice law, O.C.G.A. § 44-14-162.2, and seeks compensatory and punitive damages, and attorney's fees and costs.  Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## Discussion

### I.    Legal Standard - Motion to Dismiss

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will

not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550

U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads

factual content necessary for the court to draw the reasonable inference that the

defendant is liable for the conduct alleged.  <u>Id.</u>

   "At the motion to dismiss stage, all well-pleaded facts are accepted as

true, and the reasonable inferences therefrom are construed in the light most

favorable to the plaintiff." <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273

n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set

forth in the complaint.  <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260

(11th Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." <u>Iqbal</u>, 556 U.S. at 678.  Furthermore, the court does not "accept as

true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at

555.

4

(Rev.8/82)

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged."  Id.

## II.    Analysis

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."  Heritage Creek Dev. Corp. v. Colonial Bank, 601

5

S.E.2d 842, 844 (Ga. Ct. App. 2004) (citing <u>Calhoun v. First Nat'l Bank v.</u>

<u>Dickens</u>, 443 S.E.2d 837 (Ga. 1994)).  The two issues before the Court are (1)

whether notice of the foreclosure sale was proper and, (2) whether Plaintiff has

sufficiently pled causation.

     <u>A.</u>    <u>Notice</u>

    Foreclosure notice requirements are governed by O.C.G.A. § 44-14-

162.2.  Section 44-14-162.2 reads:

> Notice of the initiation of proceedings to exercise a
> power of sale in a mortgage, security deed, or other
> lien contract shall be given to the debtor by the
> secured creditor no later than 30 days before the date
> of the proposed foreclosure.  Such notice shall be in
> writing, shall include the name, address, and
> telephone number of <u>the individual or entity who shall</u>
> <u>have full authority to negotiate, amend, and modify all</u>
> <u>terms of the mortgage</u> with the debtor . . . .

(emphasis added).  Plaintiff alleges that Defendant, not Rushmore, was the

secured creditor with full authority to negotiate, amend, and modify the

mortgage, and "failure to include [Defendant] on the foreclosure notice is a

material deficiency that renders the notice invalid."  (Complaint, Dkt. [1-1] ¶¶

20-29.)  Defendant maintains, however, that the notice complied (or

6

substantially complied) with the requirements under § 44-14-162.2.  (Def.'s

MTD Br., Dkt. [3-1] at 6-19.)

 The Georgia Supreme Court recently addressed § 44-14-162.2's

requirements in You v. JP Morgan Chase Bank, N.A., ___ S.E.2d ___, 2013

WL 2152562, at *6 (Ga. May 20, 2013).  According to the state court, the

statute requires only that the entity with full authority to negotiate, amend, and

modify the mortgage be identified.  Id.  It elaborated:

> If that individual or entity is the holder of the security
> deed, then the deed holder must be identified in the
> notice; if that individual or entity is the note holder,
> then the note holder must be identified.  If that
> individual or entity is someone other than the deed
> holder or the note holder, such as an attorney or
> servicing agent, then that person or entity must be
> identified.  The statute requires no more and no less.

Id.  The court also held that "the required notice need not expressly identify the

foreclosing party as the 'secured creditor.'"  Id.

 Here, the foreclosure notice identified Rushmore as the entity with "full

authority to negotiate, amend, and modify all terms of the mortgage with the

debtor," and provided the requisite contact information for Rushmore.  (Notice

of Foreclosure, Dkt. [1-1] at 47 of 52.)  Under You, it does not matter whether

7

Rushmore was holder of the Note, holder of the Security Deed, a "secured creditor," or none of the above.  It does matter, however, whether Rushmore did in fact have the authority to negotiate, amend and modify Plaintiff's mortgage. Plaintiff maintains that Defendant, not Rushmore, had that authority and therefore, the proper entity was not identified.  (Complaint, Dkt. [1-1] at ¶¶ 20-29.)  The Court finds that, at the motion to dismiss phase, Plaintiff's allegations are sufficient to show improper notice under O.C.G.A. § 44-14-162.2.

B.      Causation

Next, Defendant argues that even if the notice was deficient, Plaintiff cannot show that improper notice caused his alleged damages.  (Def.'s MTD Br., Dkt. [3-1] at 6-19.)  Plaintiff alleges that Defendant's "failure to comply with the statutory requirements . . . has caused actual damage to the Plaintiff in an amount to be determined."  (Complaint, Dkt. [1-1] ¶ 30.)  Further, he argues, the improper notice "resulted in Plaintiff losing title and all equity in his home as well as additional expenses including relocation costs, attorney fees, court charges and credit damage."  (Id. ¶ 31.)  Finally, Plaintiff claims: "Had Defendant properly listed the proper secured creditor, and not just the servicer, in the foreclosure notice, Plaintiff could have, and would have, been able to take

8

affirmative steps to cancel or postpone the pending sale such as working something out with the entity that actually owned and/or insured the mortgage." (Id. ¶ 34.)  Defendant counters that Plaintiff's failure to make his mortgage payments, not any wrongdoing on Defendant's part, caused Plaintiff's injuries. (Def.'s MTD Br., Dkt. [3-1] at 7-8.)

The Court agrees with Defendant.  "To plead causation, Plaintiff must allege that his injury was caused by the acts and omissions of Defendant [Wells Fargo]."  Warque v. Taylor, Bean, & Whitaker Mortg. Corp., No. 1:09-CV-1906-ODE-CCH, 2010 WL 9474634, at *5 (N.D. Ga. July 30, 2010); see also Heritage Creek, 601 S.E.2d at 844-45 (finding that the plaintiff's own acts and omissions caused the alleged injuries where the plaintiff: defaulted on the loan, failed to cure the default, received a foreclosure notice, and did not bid on the property at the foreclosure sale).[4]  Plaintiff admits that he was in default and

---

[4] Plaintiff argues that *tender* is not required in a wrongful foreclosure action seeking damages (unlike actions seeking equitable relief).  (Pl.'s Resp. Br., Dkt. [5] at 4-6.)  The Court finds that Plaintiff's argument and authority miss the mark.  The larger issue here is causation; namely, did Plaintiff's alleged injuries – loss of title and equity, relocation costs, legal fees and costs, etc. – result from his own failure to pay his mortgage or from some act or omission by Defendant?  Causation is an essential element of any tort claim, including a claim for wrongful foreclosure, regardless of the remedy sought.

AO 72A
(Rev.8/82)

does not contest Wells Fargo's authority to foreclose under the Security Deed. Plaintiff's alleged damages (relocation expenses, attorney's fees, courts costs, and loss of title and equity in the Property) flow from his own failure to make payments, which resulted in foreclosure.

The Court is also not persuaded by Plaintiff's argument that he could have or would have sought a loan modification if the proper entity had been identified on the foreclosure notice. Wells Fargo was under no obligation to modify Plaintiff's loan, and Plaintiff has given no indication that he had reason to believe a modification would have been granted. Furthermore, entering into modification negotiations would not have excused Plaintiff from making payments under the terms of the Note and Security Deed. Consequently, the Court agrees with Defendant that Plaintiff has not sufficiently pled causation.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [3] is **GRANTED.**

**SO ORDERED**, this  11th  day of June, 2013.

**RICHARD W. STORY**
United States District Judge

10