IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODDY FREEMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-2854-RWS |
| WELLS FARGO BANK, N.A., : | |
| : | |
| Defendant. : | |
| : | |

# **ORDER**

This case is before the Court on Plaintiff's Motion for Reconsideration [17]. After reviewing the record, the Court enters the following Order.

Under the local rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. N.D.Ga. 7.2E. Rather, motions for reconsideration are proper only when: (1) there is newly discovered evidence; (2) there has been an intervening development or change in controlling law; or (3) there is a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).[1]

---

[1] It appears that Plaintiff is proceeding under the third prong, even though he claims to be relying on an intervening development in controlling law. (See Pl.'s Mot., [17] at 2 of 9.) The "intervening law" relied upon by Plaintiff, however, was cited in the Court's Order [15] and thus cannot be considered an intervening

Plaintiff contends that after You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013), his claim for deficient notice under O.C.G.A. § 44-14-162.2(a) "should have been reviewed as a statutory (i.e., *per se*) count, not as a tort for wrongful foreclosure" requiring a showing of causation.  (Pl.'s Mot., [17] at 3 of 9.)  Plaintiff argues the Court's analysis should have stopped after finding that, at the motion to dismiss phase, Plaintiff's allegations were sufficient to claim improper notice under § 44-14-162.2 (i.e., the Court should not have proceeded to address causation).  (Id.)  The Court disagrees, however, with Plaintiff's interpretation of You.

The certified question addressed in You regarding § 44-14-162.2(a) was whether the statute "requires that the secured creditor be identified in the notice to the debtor."  743 S.E.2d at 433.  The court answered "no," explaining: the "statute requires no more and no less" than identifying the entity – secured creditor or not – that has full authority to negotiate, amend, and modify the terms of the mortgage.  Id.  The court's "no more and no less" language, relied upon by Plaintiff here, cannot be stretched so far as to turn the notice requirement into a strict liability statute.  Nothing in the You opinion suggests

---

development.

2

the Georgia Supreme Court meant to do so when it addressed a specific, narrow question about who must be identified in the notice.

As Defendant notes, the non-judicial foreclosure statute, O.C.G.A. § 44-14-162, *et seq.*, does not provide for statutory damages or a statutory notice-violation cause of action.  This Court is unwilling to supplant the statute based on Plaintiff's interpretation of You or any other authority cited by Plaintiff.  Plaintiff's suit was properly brought and briefed as a claim for wrongful foreclosure – a tort action that requires a showing of causation.  Accordingly, Plaintiff's motion for reconsideration [17] is **DENIED.**

**SO ORDERED**, this   31st   day of October, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE